**Jonathan TOWNSEND, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

No. 55A01–0006–CR–204.

Court of Appeals of Indiana.

Aug. 8, 2001.

R. Stephen Donovan, Mooresville, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Teresa Dashiell Giller, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Jonathan Townsend, appeals from the jury's verdict finding him guilty of Intimidation,[1] a Class D felony, Disorderly Conduct,[2] a Class B misdemeanor, and Operating a Motor Vehicle with a Suspended License,[3] a Class A infraction. Townsend presents four issues for our review, which we restate as:

(1) whether there was sufficient evidence to support his conviction for intimidation;

(2) whether the trial court erred when it denied Townsend's motion for judgment upon the opening statement of the State;

(3) whether the trial court erred when it permitted the State to amend the charging information; and

(4) whether the trial court erred when it limited Townsend's cross-examination of a witness.

We affirm.

The record reveals that on October 1, 1999, Martinsville Police Officer John Richards was driving his patrol car northbound on Jefferson Street in Martinsville when he observed Townsend drive past him going south. Approximately one week earlier, Officer Richards had cited Townsend for driving with a suspended license. Therefore, Officer Richards turned around and followed Townsend's vehicle, activating his emergency lights. Townsend pulled into a convenience store parking lot. When Officer Richards approached the vehicle, Townsend began to loudly use vulgar language. When Officer Richards asked Townsend to produce a valid driver's li-

---

1. Ind.Code § 35–45–2–1 (Burns Code Ed. Repl.1998).

2. Ind.Code § 35–45–1–3 (Burns Code Ed. Repl.1998).

3. Ind.Code § 9–24–19–1 (Burns Code Ed. Repl.1997).

cense, Townsend stated that he did not have one. Officer Richards called Officer Robert Townsend[4] to the scene because Officer Richards did not have a traffic citation booklet.

When Officer Townsend arrived at the scene, Townsend was still shouting. Officer Townsend approached Townsend's vehicle and asked if there was a problem. Townsend continued to be loud; therefore, Officer Townsend told Townsend to calm down and warned that if he continued to yell, he could be arrested for disorderly conduct. However, Townsend continued to shout obscenities. Officer Richards cited Townsend for driving with a suspended license and an expired license plate and called a truck to tow Townsend's car away.

Ed Blakley, the tow-truck driver, arrived to tow Townsend's car away, but Townsend refused to give him the keys and shouted vulgarities at him as well. Blakley gave Townsend "the finger," and said that it would cost more if he had to tow the car without the keys. Thereafter, Townsend walked away toward the convenience store, and Blakley prepared the car to be towed. Townsend then turned around, approached his car, and began to curse at Blakley. Officer Townsend then informed Townsend that he was under arrest for disorderly conduct, and both officers struggled to place him in handcuffs.

Townsend was placed in Officer Richards' patrol car to be transported to jail. Officer Richards testified that, while in the patrol car, Townsend told him, "I'm going to get you and I'm going to get your family. You're not safe from me anywhere. No matter how long it takes me, I will get you." Record at 349. Officer Richards, apparently referring to the charge of intimidation, told Townsend that

he would now add another charge to Townsend's book-in sheet when they got to the jail. Officer Richards testified that Townsend responded, "he didn't mean that he was going to get me, he meant that God was going to get me for ... unjustly imprisoning him."Record at 350. Townsend continued to curse at Officer Richards on the way to jail.

The State initially charged Townsend with intimidation, resisting law enforcement,[5] and disorderly conduct. The State later amended the information to include the charge of operating a motor vehicle with a suspended license. The jury found Townsend guilty of all charges except resisting law enforcement.

## I

### Sufficiency of the Evidence

▮ Townsend claims that the evidence was insufficient to support his conviction for intimidation. When reviewing a claim of insufficient evidence, we neither reweigh evidence nor judge witness credibility. *Lycan v. State,* 671 N.E.2d 447, 456 (Ind.Ct.App.1996). We consider only the evidence and reasonable inferences favorable to the judgment and determine whether there is sufficient evidence of probative value to support the conviction. *Id.* To convict Townsend of intimidation, the State had to prove that he communicated a threat to another person, with the intent that the other person be placed in fear of retaliation for a prior lawful act. I.C. § 35–45–2–1(a). Intimidation is a Class D felony if the person to whom the threat is communicated is a law enforcement officer. I.C. § 35–45–2–1(b)(1)(B)(i).

Townsend's attack upon the sufficiency of the evidence is two-pronged. First, he

---

4. Officer Townsend is not related to the appellant.

5. Ind.Code § 35–44–3–3 (Burns Code Ed. Repl.1998).

claims that there was no proof that his statements to Officer Richards could be viewed as a threat.[6] Townsend notes that his account of what he said to Officer Richards differs significantly from the account given by Officer Richards. Townsend also notes that, in his probable cause affidavit, Officer Richards quoted Townsend as merely threatening to "get" him and, according to Townsend, paraphrased the rest of his statements. Record at 125. Thus, Townsend claims that "[t]here is no corroborating evidence of who may be telling the actual truth." Appellant's Brief at 9.

■ This is a blatant request for us to reweigh the evidence upon appeal, which we will not do. *Lycan*, 671 N.E.2d at 456. The jury was entitled to believe Officer Richards' testimony. *See Williams v. State*, 714 N.E.2d 671, 673 (Ind.Ct.App. 1999) (stating that, when presented with conflicting testimony, the trier of fact is entitled to determine which version of an incident to credit). Furthermore, the testimony of a victim alone may be sufficient to sustain a conviction. *Runyon v. State*, 537 N.E.2d 475, 478 (Ind.1989). Officer Richards testified that, after being arrested, Townsend threatened to "get" Richards and his family, and from this the jury could reasonably conclude that Townsend communicated a threat to Officer Richards. *See* I.C. § 35-45-2-1(c).

Townsend also claims that there was no direct evidence of a lawful act against which his threat was directed. However, the jury could reasonably infer from the circumstances that Townsend's threats were made with the intent to place Officer Richards in fear of retaliation for arresting him. Therefore, there was sufficient evidence to support Townsend's conviction for intimidation.

## II

### *State's Opening Statement*

■ Townsend next presents the argument that the trial court erred when it failed to grant his motion for judgment upon the State's opening statement. Pursuant to Ind.Code § 35-37-2-2, "[t]he prosecuting attorney shall state the case of the prosecution and briefly state the evidence by which he expects to support it...." (Burns Code Ed. Repl.1998). Where the State's opening statement is deficient, the defendant must show that he was surprised or misled thereby before reversible error will be found. *Kincaid v. State*, 265 Ind. 345, 351, 354 N.E.2d 199, 203 (1976), *cert. denied*, 430 U.S. 972, 97 S.Ct. 1660, 52 L.Ed.2d 365 (1977).

In his opening statement, the prosecuting attorney said that Townsend "did communicate a threat to a law enforcement officer with the intent to place the officer in fear of retaliation for the prior lawful act, which is the arrest." Record at 288. According to Townsend, the evidence shows that, while the threat was directed at Officer Richards, he was actually arrested by Officer Townsend. Therefore, Townsend claims that this statement failed

---

6. " 'Threat' means an expression, by words or action, of an intention to:
    (1) *unlawfully injure the person threatened or another person*, or damage property;
    (2) unlawfully subject a person to physical confinement or restraint;
    (3) commit a crime;
    (4) unlawfully withhold official action, or cause such withholding;
    (5) unlawfully withhold testimony or information with respect to another person's legal claim or defense, except for a reasonable claim for witness fees or expenses;
    (6) expose the person threatened to hatred, contempt, disgrace, or ridicule;  or
    (7) falsely harm the credit or business reputation of the person threatened." I.C. § 35-45-2-1(c) (emphasis supplied).

to properly advise him of the case against him.

However, the record shows that, although Officer Townsend verbally informed the defendant that he was under arrest, both officers struggled to place him in handcuffs, and Officer Richards transported Townsend to jail in his patrol car. Moreover, Officer Richards testified that he arrested Townsend, and that he was considered the "arresting officer." Record at 395. Both officers helped subdue Townsend and acted in concert to effectuate his arrest. The jury could reasonably infer that Townsend's threat directed toward Officer Richards was in retaliation for his arrest by both officers. Therefore, the State's opening statement did not fail to properly advise Townsend of the case against him.

### III

#### Amended Information

■ Townsend claims that the trial court erred when it granted the State's motion to amend the charging information against him. Townsend was originally charged with intimidation, resisting law enforcement, and disorderly conduct on October 4, 1999. Count III of the original information alleged that Townsend committed disorderly conduct by recklessly engaging in tumultuous conduct.[7] *See* I.C. § 35–45–1–3(1). The trial court initially set the trial for January 25, 2000. On January 21, 2000, the State moved to amend the information to include a charge of driving while suspended, which had already been filed in another court.[8] On that same day, Townsend filed a motion

for continuance, which the trial court denied. On January 24, 2000, the State filed a motion to amend Count III of the information to allege that Townsend committed disorderly conduct by recklessly making unreasonable noise and continuing to do so after being asked to stop, deleting the allegation of tumultuous conduct. *See* I.C. § 35–45–1–3(2). The trial court granted the State's motion, but also granted Townsend's motion for continuance which had originally been denied. On January 25, 2000, the parties consented to a trial date of February 1, 2000.

Townsend claims that it was error for the trial court to allow the State to amend the information the day before the scheduled trial because the amendment was one of substance, which he claims is not permitted under the governing statute, Ind. Code § 35–34–1–5 (Burns Code Ed. Repl. 1998). Townsend also claims that the amendment was improper in that it prejudiced his substantial rights.

First, we examine Townsend's claim that I.C. § 35–34–1–5 prohibits the State from amending the information in matters of substance. This begs the question of whether or not the amendment permitted by the trial court here was one of substance. The test for determining whether an amendment is one of substance has been stated as follows:

"If the defense under the original information would be equally available after the amendment is made and the accused's evidence would be equally applicable to the information in one form as in the other, the amendment is one of form and not of substance. An amend-

---

7. "Tumultuous conduct" is conduct that results in, or is likely to result in, serious bodily injury to a person or substantial damage to property. Ind.Code § 35–45–1–1 (Burns Code Ed. Repl.1998).

8. Although Townsend mentions the addition of this charge in his brief, his argument addresses only the amendment of the disorderly conduct charge. Thus, we address only this issue.

ment is of substance only if it is essential to the making of a valid charge of the crime." *Sharp v. State,* 534 N.E.2d 708, 714 (Ind.1989), *cert. denied,* 494 U.S. 1031, 110 S.Ct. 1481, 108 L.Ed.2d 617 (1990).

Townsend claims that the evidence here was not equally applicable to the information in the amended form, and is therefore an amendment of substance. Specifically, he claims that, under the original information, he would not have been required to present any evidence because the State's evidence demonstrated that he did not engage in tumultuous conduct. Under the amended information, however, Townsend was required to present a defense. Thus, he claims that the amendment should not have been allowed pursuant to I.C. § 35–34–1–5. However, even assuming that the amendment here was one of substance,[9] we are not convinced that such are absolutely prohibited by statute.

The statute governing amendments to charging instruments reads in pertinent part:

"(a) An indictment or information which charges the commission of an offense may not be dismissed but may be amended on motion by the prosecuting attorney at any time because of *any immaterial defect,* including:

(1) Any miswriting, misspelling, or grammatical error;

(2) Any misjoinder of parties defendant or offenses charged;

(3) The presence of any unnecessary repugnant allegation;

(4) The failure to negate any exception, excuse, or provision contained in the statute defining the offense;

(5) The use of alternative or disjunctive allegations as to the acts, means, intents, or results charged;

(6) Any mistake in the name of the court or county in the title of the action, or the statutory provision alleged to have been violated;

(7) The failure to state the time or place at which the offense was committed where the time or place is not of the essence of the offense;

(8) The failure to state an amount of value or price of any matter where that value or price is not of the essence of the offense; or

(9) *Any other defect which does not prejudice the substantial rights of the defendant.*

(b) The indictment or information may be amended in matters of *substance or form,* and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant, at any time up to:

(1) Thirty (30) days if the defendant is charged with a felony; or

(2) Fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;

before the omnibus date. When the information or indictment is amended, it shall be signed by the prosecuting attorney.

(c) Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to *any defect, imperfection, or omission in form which*

---

9. The amendment here may not have been one of substance using the test set forth in *Sharp, supra.* See, e.g., *Sides v. State,* 693 N.E.2d 1310, 1312–13 (Ind.1998) (holding that late amendment was one of form and not substance where State changed alleged former felony conviction in a habitual offender allegation from "auto theft" to "theft."). However, see note 11, *infra.*

*does not prejudice the substantial rights of the defendant.*

(d) Before amendment of any indictment or information other than amendment as provided in subsection (b) of this section, the court shall give all parties adequate notice of the intended amendment an opportunity to be heard. Upon permitting such amendment, *the court shall, upon motion by the defendant, order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare his defense. ...*" I.C. § 35–34–1–5 (emphases supplied).

It seems clear that amendments of substance may be made within the time limits set forth in subsection (b). However, it is unclear whether an amendment of substance may be allowed after the time limits set forth in subsection (b). *See* William Andrew Kerr, 16A INDIANA PRACTICE § 15.3c(2) (1998).

Some cases have interpreted I.C. § 35–34–1–5 to allow substantive amendments so long as the substantial rights of the defendant are not prejudiced. *See, e.g., Kindred v. State,* 540 N.E.2d 1161, 1170 (Ind.1989); *Todd v. State,* 566 N.E.2d 67, 69 (Ind.Ct.App.1991); *Tripp v. State,* 729 N.E.2d 1061, 1064–65 (Ind.Ct.App.2000). Yet, in *Haak v. State,* 695 N.E.2d 944, 951 (Ind.1998), our Supreme Court stated that substantive amendments may not occur after specified times in advance of the omnibus date ·as provided in subsection (b).[10]

However, only a few months prior to *Haak,* our Supreme Court said, "Ultimately, the question is whether the defendant had a reasonable opportunity to prepare for and defend against the charges." *Sides*

*v. State,* 693 N.E.2d 1310, 1313 (Ind. 1998).[11] Furthermore, were we to read *Haak* as prohibiting any substantive changes after the specified times in subsection (b), the provisions for a continuance in subsection (d) would be largely unnecessary. *See State v. Gullion,* 546 N.E.2d 121, 123 (Ind.Ct.App.1989) ("To hold that [I.C. § 35–34–1–5] does not permit charges to be amended for other than form anytime after 30 days prior to the omnibus date would make subsection (d) superfluous.").

We find further support for our position in *Tripp, supra,* wherein the State amended the charging information after the omnibus date to include an additional charge. 729 N.E.2d at 1064. Although noting that this amendment was substantive, the court nevertheless held that the amendment was permissible because the defendant had not demonstrated how his substantial rights were prejudiced where he was given notice of the amendment, an opportunity to challenge the amendment, and granted a continuance to prepare a defense for the new charge. *Id.* at 1064–65. See also *Parks v. State,* 752 N.E.2d 63 (Ind.Ct.App.2001) (noting that trial court may allow substantive amendments to charging information provided the defendant is given reasonable notice and an opportunity to be heard).

Indiana Code § 35–34–1–5 addresses the legitimate concern that the State will amend a faulty charging instrument at the last minute, surprising a defendant who had anticipated defending against the original charge. However, Section 5 also emphasizes that amendments which do not prejudice the substantial rights of the defendant may be allowed, and subsection (d) provides means by which such prejudice

---

10. In *Haak,* the court determined that the amendment at issue there was not one of substance, and therefore permissible under subsection (c). 695 N.E.2d at 952.

11. The *Sides* court determined that the amendment at issue was one of form. 693 N.E.2d at 1313.

may be avoided. Here, Townsend has not demonstrated that his substantial rights were prejudiced by the amendment.

The amendment only changed the subsection of the disorderly conduct statute Townsend was alleged to have violated. Furthermore, like the defendant in *Tripp*, Townsend had an opportunity to challenge the amendment at the hearing on his motion to dismiss the amended charge. Townsend also had an opportunity to challenge the amendment when the parties met with the trial court in chambers to discuss the amendments. Thus, it appears that Townsend had notice of the amendment. More importantly, the trial court granted Townsend a seven-day continuance to prepare a defense for the new charge. In fact, Townsend consented to the February 1 trial date. Also, Townsend knew from the probable cause affidavit what conduct had led to his arrest and charge for disorderly conduct. Townsend had a reasonable opportunity to prepare for and defend against the amended charges.[12]

Townsend has not demonstrated prejudice to his substantial rights resulting from the lateness of the amendment. Had the State amended the charging information within the time limits of subsection (b), Townsend would still have been faced with the same situation. Therefore, we hold that the trial court did not err when it allowed the State to amend Count III of the information.[13]

12. This is not to say, however, that a seven-day continuance would be sufficient time to prepare a defense in another case. The time necessary to afford a defendant an adequate opportunity to prepare a defense depends upon various factors, including the nature of the crimes alleged and the degree to which the amendment alters the original charge. *See Tripp*, 729 N.E.2d at 1063 (finding no prejudice to defendant's substantial rights where trial court ordered a fifty-three day continuance to allow defendant to prepare for an additional charge of operating a motor vehicle while intoxicated); *Todd*, 566 N.E.2d at 69–70 (finding no prejudice to defendant where trial court granted continuance of over five weeks after permitting State to amend information from refusing the implied consent test to operating a motor vehicle while intoxicated and refusing a chemical test).

13. Although making no cognizable argument, Townsend briefly refers to the proposition that a charging instrument may not be amended to change the theory of the case or the identity of the offense charged. To be sure, such amendments were expressly forbidden by the predecessor statute, Ind.Code § 35–3.1–1–5(e) (1976). *See Kindred*, 540 N.E.2d at 1170. This prohibition was criticized by our Supreme Court in *Trotter v. State*, 429 N.E.2d 637, 640–41 (Ind.1981), wherein the court stated, "we are at a loss to understand why the State should not be entitled to amend charges, even as to theory and identity, as we understand such terms, when it can be done without prejudicing the substantial rights of the accused." Subsequently, the General Assembly repealed this statutory prohibition effective September 1, 1982. *See Kindred*, 540 N.E.2d at 1170. In *Kindred*, our Supreme Court held that cases relying upon the former subsection (e) were "no longer controlling precedent." *Id.*; see also *Gullion*, 546 N.E.2d at 123. Still, as recently noted by Senior Judge Ratliff in *Davis v. State*, 714 N.E.2d 717, 721 (Ind.Ct.App.1999), *trans. denied*, there is a line of cases which "cling to the view that no amendment may be allowed which changes the theory of the prosecution or identity of the offense." See, e.g., *Wright v. State*, 593 N.E.2d 1192, 1197 (Ind.1992), *cert. denied*, 506 U.S. 1001, 113 S.Ct. 605, 121 L.Ed.2d 540; *Hart v. State*, 671 N.E.2d 420, 427 (Ind.Ct.App.1996).

Be that as it may, we can see no reason for treating an amendment affecting the State's theory of the case, which would almost necessarily be a substantive amendment, differently from any other substantive amendment. The amendments allowed in *Todd*, 566 N.E.2d at 69, and *Tripp*, 729 N.E.2d at 1064–65, changed the theory of the prosecution by adding entirely new charges but were still upheld because the defendant had not demonstrated how the amendment prejudiced his substantial rights. Similarly, even if the amendment here had changed the theory of the prosecution or the identity of the offense charged, we would not analyze it differently.

## IV

### Witness Impeachment

■ Lastly, Townsend argues that the trial court denied his right to confront witnesses against him as guaranteed by Article 1, Section 13 of the Indiana Constitution by limiting his cross-examination of Officer Richards. At trial, Townsend attempted to impeach the testimony of Officer Richards by offering into evidence a copy of the original information. As noted above, the original information alleged that Townsend engaged in tumultuous conduct, whereas the amended information alleged that Townsend made unreasonable noise and continued to do so after being asked to stop. Officer Richards signed both informations. According to Townsend, this change is a prior inconsistent statement with which he should have been allowed to impeach Officer Richards.

■ A witness's prior inconsistent statement may be used for impeachment purposes. Ind.Evidence Rule 613. Decisions concerning the admission and exclusion of evidence are within the broad discretion of the trial court, and we will find error only upon a showing by the appellant that the trial court abused its discretion. *Hook v. State*, 705 N.E.2d 219, 220 (Ind.Ct.App. 1999), *trans. denied.*

Townsend's counsel argued at trial that, "Both [i]nformations have different information in them that is conflicting information. They cannot both be right." The trial court responded, "Counsel, I would disagree with you. They ... could both be right." Record at 365. Later, the trial court, referring to the two charging instruments, stated, "they do not conflict. If [Officer Richards] ... said that your client had not engaged in tumultuous conduct ... then what's in that [i]nformation would conflict with ... what he might have testified with at trial." Record at 367. The trial court determined that the original information was not inconsistent with the amended information.

We agree with the trial court. There is nothing in the original information that is necessarily inconsistent with Officer Richard's testimony. Tumultuous conduct, as defined by statute, is not mutually exclusive of making unreasonable noise.[14] Therefore, we cannot say that the trial court abused its discretion when it denied Townsend the opportunity to cross-examine Officer Richards regarding the original charging information.

### Conclusion

In conclusion, the evidence was sufficient to support Townsend's conviction for intimidation. The trial court properly denied Townsend's motion for judgment upon the State's opening statement. The trial court did not err when it permitted the State to amend the charging information, and the trial court did not erroneously limit Townsend's cross-examination of Officer Richards.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and RILEY, J., concur.

---

14. A particular person could engage in making unreasonable noise after being asked to stop, in such a manner and under such circumstances as to pose a threat of serious injury or damage.