# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 10 2020, 10:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel Hageman
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steven Walker,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 10, 2020

Court of Appeals Case No.
19A-CR-1129

Appeal from the Marion Superior Court

The Honorable Marshelle Broadwell, Magistrate

Trial Court Cause No.
49G17-1901-CM-571

**Tavitas, Judge.**

# Case Summary

Steven Walker appeals his conviction, after a bench trial for intimidation, a Class A misdemeanor. We affirm.

# Issue

The sole issue on appeal is whether sufficient evidence supports the conviction.

# Facts

Around midnight or 1 a.m. on January 5, 2019, Officers Aaron Laird and Matthew Cook of the Indianapolis Metropolitan Police Department were dispatched to Walker's house in Marion County "for a domestic disturbance." Tr. Vol. II p. 6. Officers Laird and Cook first ensured that no one was in the surrounding cars or yard before they knocked at Walker's front door. When Walker answered, the officers asked to speak with Walker and his girlfriend, Angela Bumbalough. Walker exited the house and spoke with Officer Laird outside; Officer Cook spoke with Bumbalough inside the house.

Outside, Walker "began to yell[,]" "question[ed] why [the officers] were there[,]" and "continued to ask who called [the police]." *Id*. at 15. Walker shouted: "[Y]ou guys have no right to be here." *Id*. at 9, 12. Officer Cook could hear Walker shouting from inside the house. *Id*. at 9. Officer Cook went outside and asked Walker why he was shouting; Walker replied: "[I]t's none of [your] business[.]" *Id*. at 7. The officers asked Walker to be quiet "[a]t least twenty [ ] times." *Id*. at 13. Walker continued to shout at the officers and used expletives. The officers placed Walker under arrest for disorderly conduct.

After the officers arrested Walker, Walker told Officer Laird that Walker "was going to beat" Officer Laird. *Id.* Subsequently, Walker "leaned toward[ ] [Officer Laird] and said: '[J]ust wait, I got you.'" *Id.*

[5] On January 5, 2019, the State charged Walker with intimidation, a Class A misdemeanor, and disorderly conduct, a Class B misdemeanor. The trial court conducted a bench trial on April 18, 2019. Officers Laird and Cook testified to the foregoing facts. Additionally, over defense counsel's objection, Officer Laird testified that he was previously dispatched to Walker's house. On direct examination of Officer Laird, the prosecutor asked: ". . .[W]hy would [Walker] think that you would come back?" Officer Laird testified to his impression that Walker warned of future violence, "[i]f [Officer Laird] was [ ] dispatched back to [Walker's] residence for any reason." *Id.* at 13.

[6] During the defense's case in chief, Bumbalough testified that: (1) she was still in a relationship with Walker at the time of her testimony; (2) Bumbalough and Walker had only a verbal argument on the night of the incident; and (3) Bumbalough did not hear Walker threaten Officer Laird. Next, Walker testified that no domestic disturbance occurred between Walker and Bumbalough, and he did not threaten Officer Laird. Walker admitted that he was "a little agitated[,]" shouted profanities, and that the officers asked him to be quiet multiple times. *Id.* at 23. Walker testified further that the officers "knew [his] background[.]" *Id.* at 24.

[7] At the close of the evidence, the trial court found Walker guilty of intimidation, and not guilty of disorderly conduct. The trial court sentenced Walker to thirty days in jail, twenty-eight days suspended, with two days of jail time credit. Walker now appeals.

## Analysis

[8] Walker argues that the evidence is insufficient to support his conviction. When there is a challenge to the sufficiency of the evidence, "[w]e neither reweigh evidence nor judge witness credibility." *Gibson v. State,* 51 N.E.3d 204, 210 (Ind. 2016) (citing *Bieghler v. State,* 481 N.E.2d 78, 84 (Ind. 1985), *cert. denied*). Instead, "we 'consider only that evidence most favorable to the judgment together with all reasonable inferences drawn therefrom.'" *Id.* (quoting *Bieghler,* 481 N.E.2d at 84). "We will affirm the judgment if it is supported by 'substantial evidence of probative value even if there is some conflict in that evidence.'" *Id.; see also McCallister v. State,* 91 N.E.3d 554, 558 (Ind. 2018) (holding that, even though there was conflicting evidence, it was "beside the point" because that argument "misapprehend[s] our limited role as a reviewing court"). Further, "[w]e will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Love v. State,* 73 N.E.3d 693, 696 (Ind. 2017) (citing *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007)).

[9] To convict Walker of intimidation, a Class A misdemeanor, the State was required to prove—as alleged in the charging information—that Walker

communicated a threat to Officer Laird with the intent that Officer Laird be placed in fear of retaliation for a prior lawful act. Ind. Code § 35-45-2-1(a)(2).

[10] Walker challenges only the sufficiency of the State's evidence that Walker intended to place Officer Laird in fear of retaliation for the prior lawful act of investigating the domestic disturbance at Walker's house. Walker's Br. p. 9. Walker concedes that he communicated a threat to Officer Laird, but maintains that he did so with the intent that Officer Laird "not come back[.]"[1]   *Id.* at 11.

[11] In support of his claim, Walker relies on *Blackmon v. State*, 32 N.E.3d 1178 (Ind. Ct. App. 2015); however, *Blackmon* is inapposite. The *Blackmon* panel reversed the defendant's conviction for intimidation[2] due to the weakness of the State's case. *See Blackmon*, 32 N.E.3d at 1185 ("Blackmon's [trial] strategy relied on the notion that, if he could show that [the victim] never caught him stealing [ ], it would follow that his actions could not have been intended to place [the victim] in fear of retaliation for that act.").

[12] Here, unlike the circumstances in *Blackmon*, the State presented ample evidence from which a reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *See Love,* 73 N.E.3d at 696. The record reveals

---

[1] Walker argues that, at best, the State proved that he communicated the threat to Officer Laird with the intent to stop Officer Laird from coming back to Walker's house. *See* Walker's Br. p. 11 ("Walker's threat intimates his intent that Officer Laird engage in conduct against his will; that he not come back. Although this established the intent required under subsection (a)(1) of the intimidation statute, Walker was not charged under this subsection.").

[2] Blackmon was charged with intimidation as a Level 5 felony because Blackmon drew a deadly weapon when he communicated the threat.

that: (1) Walker and Officer Laird were familiar with one another before the incident, because Officer Laird was previously dispatched to Walker's house; (2) on January 5, 2019, Officer Laird was again dispatched to Walker's house; (3) Walker was angry that an unidentified person called the police and that the police were on his property; (4) Walker shouted profanities at the officers and disregarded at least twenty orders to be quiet; (5) the officers arrested Walker for disorderly conduct; and (6) after Walker's arrest, Walker threatened to "beat" Officer Laird and told Officer Laird: "[J]ust wait, I got you." *See* Tr. Vol. II p. 13.

[13] One can reasonably infer that Walker's threats were intended to place Officer Laird in fear of retaliation for the prior lawful act of performing law enforcement duties, *i.e.*, investigating an alleged domestic disturbance and making an arrest. The foregoing evidence sufficiently supports Walker's conviction pursuant to Indiana Code Section 35-45-2-1(a)(2). *See Townsend v. State*, 753 N.E.2d 88, 91 (Ind. Ct. App. 2001) (". . . [T]he jury could reasonably infer from the circumstances that Townsend's threats were made with the intent to place Officer Richards in fear of retaliation for arresting him."), *abrogated on other grounds by Fajardo v. State*, 859 N.E.2d 1201, 1209 n.9 (Ind. 2007)).

# Conclusion

[14] Sufficient evidence exists to support Walker's conviction. We affirm.

[15] Affirmed.

Najam, J., and Vaidik, J., concur.